IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BILLIE MONROE § <br> § <br> Plaintiff § <br> § CIVIL ACTION NO. 2:11-CV-329-JRG <br> v. § <br> § <br> WALMART STORES TEXAS, LLC § <br> § <br> Defendants § <br> § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss, or in the Alternative, to Transfer Venue, filed on September 08, 2011 by Walmart Stores Texas, LLC ("Walmart"). (Dkt. No. 3). Defendant Walmart requests that this case be dismissed, or alternatively, transferred to the Sherman division of the Eastern District of Texas pursuant to 28 U.S.C. §§ 1406(a) and 1404(a) respectively. After careful consideration of the parties' positions, both the motion to dismiss and the motion to transfer are **DENIED** for the reasons set forth below.

I. Background

On July 21, 2011, Billie Monroe ("Monroe") filed suit against Walmart in the Marshall Division of the Eastern District of Texas. Monroe claims she was injured when exposed to a dangerous and unsafe condition in a store owned and operated by Walmart. (Dkt. No. 26 ¶¶ 6-7).

The events giving rise to this cause of action, both the incident and the medical treatment Monroe received as a result, occurred in Paris, Texas, which is located within the Sherman Division of the Eastern District of Texas. Monroe, Walmart, and a majority of the witnesses to

1

be called and evidence to be presented are located in Paris, Texas. Plaintiffs admit there are no known witnesses or evidence located in the Marshall Division. (Dkt. No. 9 at 3). Paris, Texas is approximately 114 miles from the federal courthouse in Marshall, Texas.[1]

The Sherman Division is a unique division within the Eastern District of Texas in that it contains two courthouses – one located in Sherman, Texas and one located in Plano, Texas. There is currently no resident district judge at the Sherman courthouse; however, the Hon. Richard Schell sits in Plano, Texas and is the only resident district judge currently serving the Sherman Division. The Walmart located in Paris, Texas is 93 miles from the federal courthouse in Plano, Texas,[2] and 114 miles from the federal courthouse in Marshall, Texas.[3] Presently, there is no nominee for the district court vacancy in Sherman. Given the typical length of time necessary to secure both nomination and confirmation for another district judge (who would be based in Sherman), it is likely that such vacancy would not be filled prior to the time this case would ordinarily be put to trial. Any trial in this case that might be held in the Sherman division would realistically be heard by Judge Schell in Plano. These facts clearly indicate that for § 1404(a) purposes that the competing venues in this case are Marshall and Plano.

## II. Legal Standard

Motions alleging improper venue are governed by 28 U.S.C § 1406(a) and 28 U.S.C. § 1404(a). Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a)

---

[1] Calculated from Paris, Texas to the federal courthouse in Marshall, Texas using Google Maps.
[2] Calculated from Paris, Texas to the federal courthouse in Plano, Texas using Google Maps.
[3] Calculated from Paris, Texas to the federal courthouse in Marshall, Texas using Google Maps

(2006); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (emphasizing that federal district courts may transfer-rather than dismiss-cases that plaintiffs initially brought in an improper forum, regardless whether they otherwise have personal jurisdiction); *Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1107 (5th Cir.1981). Similarly, under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re TS Tech. USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009); *In re Volkswagen of America, Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008). To warrant a dismissal, the movant must demonstrate the alternative forum is highly more convenient whereas a motion to transfer requires a less substantial showing. *See Volkswagen II,* 545 F.3d at 314. The factors for consideration of both are the same. *Id.*

A threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). Here, the selection of the district is not the issue, but rather the selection of the division within the Eastern District of Texas. If the transferee division is a proper venue, then the court must weigh the relative conveniences of the current division against the transferee division. *See id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which are given dispositive weight. *Id.* The "private" interest factors include: "(1) the cost of attendance for willing

witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

Finally, it is well established that the Court is allowed greater deference when considering intra-district transfers as opposed to inter-district transfers. *Madden v. City of Will Point,* 2:09-cv-250-TJW, 2009 U.S. Dist. LEXIS 116682, at *7 (E.D. Tex. Dec. 15, 2009). Additionally, the Federal Rules of Civil Procedure allow significant discretion to district courts in deciding the place of trial, so long as it is within the same district, even without the consent of the parties. *Morrow v. Washington,* No. 2:08-cv-288-TJW, 2008 U.S. Dist. LEXIS 100225, at *6 (E.D. Tex. Dec. 11, 2008) (citing Fed. R. Civ. P. 77(b)).

### III. Discussion

#### A. Proper Venue

As to Walmart's Motion to Dismiss for improper venue, the Court finds that venue is proper in the Eastern District of Texas because all the actions occurred in the Eastern District of Texas. Walmart does not dispute that venue is proper in the Eastern District and gives no basis for its contention that venue is specific to divisions within a district. *See Beavers v. Good*

*Shepard Med. Center*, 2006 WL 2792209, 2:06-cv-243 (E.D. Tex. Sept. 26, 2006) (rejecting defendant's 12(b)(3) motion to dismiss when defendant argued division, but not district, was improper). Further, because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division in the Eastern District of Texas. *Harris v. Turman Well Serv., Inc.,* 2012 WL 2375325, 2:11-cv-264 (E.D. Tex. June 22, 2012). Accordingly, Walmart's Motion to Dismiss for improper venue is **DENIED**.

Turning to Walmart's Intra-District Motion to Transfer Venue, as a threshold matter, the Court must first determine if venue is proper in the Sherman Division. Since venue is proper in any division of the Eastern District of Texas, venue is proper in the Sherman Division.

## B. Private Factors

### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

The Court finds the differential in convenience for witnesses to travel from Paris to Plano or Paris to Marshall is de minimis. As stated above, the distance from Paris to Plano approximately 93 miles. In comparison, the distance from Paris to Marshall is approximately 114 miles. The

difference of 21 miles to be traveled by witnesses hardly makes Plano, Texas a "clearly more convenient" forum. As a practical matter Paris is, more or less, the same distance from Marshall as it is from Plano. Also, given traffic congestion existing in the Dallas area metroplex, the driving time to Marshall may well be shorter. Accordingly, the Court finds this factor is neutral.

   2. *The Relative Ease of Access to Sources of Proof*

Plaintiffs argue that, regardless of where documentary proof is located within the Eastern District, it is just as convenient to produce such proof in Marshall as in Plano. Defendants argue, however, that all relevant documents and other sources of proof related to this case are located within Lamar County, Texas, with the Sherman Division, and it is illogical to require such sources of proof to travel to Marshall for trial.

The Court finds that neither party would be largely inconvenienced by accessing documents and other sources of proof in Marshall. Because a trial in the Sherman Division will be held in Plano, Texas, the parties will travel with any sources of proof, regardless of whether the case is transferred to the Sherman Division or whether the case remains in the Marshall Division. Again, the 21-mile difference in travel from Paris to Plano or Marshall is de minimis and does not result in a great inconvenience to either party. Accordingly, the Court finds this factor is neutral.

   3. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Federal Rule of Civil Procedure 45 governs the subpoena power of a federal court over witnesses. The rule allows a court to issue trial subpoenas concurrent with the borders of the state, subject to the exception that non-witnesses may not be commanded to travel more than 100 miles if the witness will incur substantial expense. Fed. R. Civ. P. 45. A majority of the

6

identified witnesses are located within the borders of Texas, and most are located in Paris, Texas, which is approximately 114 miles from the Marshall courthouse. However, while such witnesses may be compelled to travel more than 100 miles for a trial in Marshall, Defendant fails to indicate what "substantial expense" the witnesses may incur based on a trial in Marshall. While the Plano courthouse may have compulsory process over a greater number of non-party witnesses, none have objected to a subpoena pursuant to Rule 45. Even assuming the witnesses may incur some expenses in traveling to Marshall, the witnesses would incur similar expenses to travel to Plano. It is accepted knowledge that the costs for hotels and meals and incidentals are lower in Marshall than in Plano. Based on the foregoing circumstances, the Court finds this factor, realistically, is substantially neutral.

### C. Public Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

Monroe fails to address this point while Walmart merely argues the Marshall Division's docket does not need to be "unnecessarily clogged with a slip and fall case that should have been filed in Sherman." (Dkt. No. 3, at 7).

This Court has already conducted a scheduling conference, set a trial date, and entered a discovery order to govern this case. This Court is more than willing to entertain a personal injury action such as this one. There is no merit in Walmart's argument that this docket would be "unnecessarily clogged" by this case.

The Supreme Court instructs trial courts that the existence judicial economy is a "paramount consideration" when determining whether a transfer is in the interest of justice. *Continental Grain Co. v. The FBL-585,* 364 U.S. 19 (1996). The Court finds that it would be

inconvenient and inefficient for this case to be reassigned to another judge in the District, and that judicial economy weighs clearly against transfer.

### 2. *Local Interest in Having Localized Interests Decided at Home*

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. In such a case, courts may look to where the incident occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id*. As discussed earlier, the facts giving rise to this lawsuit occurred in Paris, Texas. The Plaintiffs live in the Sherman Division. The store in which the incident occurred is in the Sherman Division, as are a majority of the witnesses.

Given these facts, the Court finds that the Sherman Division has a greater local interest in this case than the Marshall Division. Although the Court recognizes Monroe's arguments that the citizens of Marshall have a high interest in the general safety of all Walmart locations which they may enter, the Court does not view this as an interest superseding the interests of Paris citizens. Accordingly, the Court concludes that this factor weighs in favor of transfer.

### 3. *The Avoidance of Unnecessary Problems of Conflict of Laws and Familiarity of the Forum with the Law that Will Govern*

The parties have not identified any considerations that relate to these factors. Accordingly, the Court finds these factors neutral.

### IV. **Conclusion**

The Court finds that the motion to dismiss has no merit. As to the request of Defendant for an intra-district transfer, in this case, Defendant failed to meet its burden to show that the Sherman Division is clearly more convenient than the Marshall Division. The above analysis

shows that one convenience factor favors transfer, one disfavors transfer, and the rest are neutral. This is not "clearly more convenient." Of special note in this case, it is clear that a transfer to the Sherman Division would create judicial inefficiencies, which should be avoided whenever possible. Therefore, the court **DENIES** Defendant's Motion to Dismiss and Defendant's Motion to Transfer Venue.

**So ORDERED and SIGNED this 6th day of September, 2012.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

9