IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BILLIE MONROE | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:11-CV-329 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
|     Defendant | § | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on December 17, 2012, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

A.   COUNSEL FOR PARTIES

    Plaintiff:        Mark P. McMahon
                           ERSKINE & McMAHON, LLP
                           521 North Second Street
                           Longview, Texas 75601
                           903-757-8435
                           903-757-9429 (fax)

    Defendant:      Brandon Cogburn
                           ATCHLEY, RUSSELL, WALDROP & HLAVINKA, LLP
                           1710 Moores Lane
                           Texarkana, Texas 75503
                           903-792-8246
                           903-792-5801 (fax)

B.   STATEMENT OF JURISDICTION

Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332.

Jurisdiction is not disputed.

C.   NATURE OF ACTION

This is a premises liability case wherein the Plaintiff seeks damages for personal injuries sustained when she slipped and fell at the Walmart in Paris, Texas.

D.   CONTENTIONS OF THE PARTIES

Plaintiff contends she was injured as result of the negligence of Wal-Mart and its employees. Wal-Mart was negligent :

(1) allowing water to accumulate on the floor near the egg case where Billie Monroe fell;
(2) failing to warn customers that water had accumulated at the spot Billie Monroe fell;
(3) failing to implement and carry out safety procedures to prevent and warn of water on the floor.

The negligence of Wal-Mart was proximate cause of Billie Monroe's fall and injuries. Billie Monroe has had to incur medical care and treatment and has suffered as a result of Wal-Mart's negligence.

Wal-Mart contends that it did not have actual or constructive knowledge of any liquid substance on the floor which posed an unreasonable risk of harm to Plaintiff. Wal-Mart further contends that it exercised reasonable care to reduce or eliminate any risk. Thus, there was no failure on Wal-mart's part which proximately caused Plaintiff's injuries.

E.   STIPULATIONS AND UNCONTESTED FACTS

(1) Plaintiff was an invitee of Wal-mart in Paris, Texas on August 1, 2009.

(2) Plaintiff fell while in Wal-Mart on August 1, 2009.

  (3)  Plaintiff not see anything on the floor before she slipped.

  (4)  Plaintiff does not know what was on the floor.

  (5)  Plaintiff does not know where the alleged foreign substance came from.

  (6)  Plaintiff does not know how long the alleged foreign substance had been on the floor.

  (7)  A Wal-Mart associate was working two feet from where Plaintiff fell and had been there for five to ten minutes prior to Plaintiff's fall.

  (8)  The same Wal-Mart associate who was working in the area did not see anything on the floor.

  (9)  A different Wal-Mart employee said the water dripped from the ceiling.

F.  CONTESTED ISSUES OF FACT AND LAW

To recover in a slip and fall case, a Plaintiff must establish:

  (1)  Actual or constructive knowledge of some condition on the premises by the owner/operator;

  (2)  That the condition posed an unreasonable risk of harm;

  (3)  That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

  (4)  That the owner/operator's failure to use such care proximately caused the Plaintiff's injuries.

In order to establish actual or constructive knowledge of a substance on the floor, a slip-and-fall Plaintiff must establish at least one of the following:

  (1)  That the Defendant placed a foreign substance on the floor;

  (2)  That the Defendant knew that a foreign substance was on the floor and willfully or negligently failed to remove it; or

      (3)    That the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by the Defendant in the exercise of ordinary care.

G.    LIST OF WITNESSES

    Billie Monroe
    HC 70, Box 1367
    Antlers, Oklahoma 74523

    Ronnie Monroe
    HC 70, Box 1367
    Antlers, Oklahoma 74523

    Bill Whisenhunt
    Wal-Mart Supercenter
    3855 Lamar Avenue
    Paris, Texas 75462

    J.D. Gantt
    Wal-Mart Supercenter
    3855 Lamar Avenue
    Paris, Texas 75462

    Preston Snow
    Wal-Mart Supercenter
    2701 Texas 50
    Commerce, Texas 75428

    Charles Bearden
    3910 Morningside Drive
    Paris, Texas 75462

H.    LIST OF EXHIBITS

    Plaintiff's medical records Bates Stamped Nos. WM-0001 through WM-1278
    X-ray films
    Scans
    Wal-Mart policies and procedures

      Medical Summary of Billing for Billie Monore
      Texas Workforce Commission records pertaining to Billie J. Monroe

I.    LIST OF ALL PENDING MOTIONS

      Defendant's Motion for Summary Judgment

J.    PROBABLE LENGTH OF TRIAL

      The probable length of trial is 3 days.

K.    MANAGEMENT CONFERENCE LIMITATIONS

      none

L.    CERTIFICATIONS

      The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

    (1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

    (2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

    (3)    Each exhibit in the List of Exhibits herein:

        (a)    Is in existence;
        (b)    Is numbered; and
        (c)    Has been disclosed and shown to opposing counsel.

APPROVED AS TO FORM AND SUBSTANCE:

   /s/ Mark P. McMahon      (signed with permission)
Mark P. McMahon
Texas State Bar No. 13776500
Attorney for Plaintiff

   /s/ Brandon Cogburn
Brandon Cogburn
Texas State Bar No. 24038824
Attorney for Defendant


This Joint Pre-Trial Order is hereby approved this \_\_\_\_\_ day of _____, 2012.